IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROSALYN LITHA CAFFEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:14-0476 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| THE HOME DEPOT, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER

Plaintiff, Rosalyn Litha Caffey, a Tennessee citizen filed this pro se action against the Defendants arising out of the alleged negligent performance of a roofing construction project at her residence. Among the Defendants is Defendant Home Depot Store #778 that is alleged to be a Tennessee business.

Plaintiff's claims are state law claims that require satisfaction of the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has the burden to allege sufficient facts to invoke the Court's jurisdiction. Gibbs v. Buck, 307 U.S. 66 (1939). For diversity jurisdiction, there must be complete diversity of the parties, that is, none of the parties can be from the same state. Rissum v. Kilgore Corp., 692 F.Supp. 796, 798 (W.D. Tenn. 1988). 28 U.S.C. § 1332(a). Diversity jurisdiction is determined at the time of filing. Napletana v. Hillside College, 385 F.2d 871, 872 (6 th Cir. 1967).

Here, Plaintiff, a Tennessee citizen, has named as a Defendant, a company that is located in Tennessee that deprives this Court of diversity jurisdiction to entertain her claims.

Thus, Plaintiff's complaint is **DISMISSED without prejudice** to Plaintiff's underlying claims. This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 25 day of February, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court