IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROSALYN LITHA CAFFEY, | ) |
| Plaintiff, | ) Case No. 3:14-0476 |
| | ) Chief Judge Haynes |
| v. | ) |
| THE HOME DEPOT, et al., | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, Rosalyn Litha Caffey, originally filed this pro se action under 28 U.S.C. §1332, the federal diversity statute, against Defendants arising out of the alleged negligent performance of a roofing construction project at her residence. Among the Defendants, Plaintiff alleged Defendant Home Depot Store #778 to be a Tennessee business. (Docket Entry No. 1, Complaint, at ¶ 5). Plaintiff alleged that she was "a former citizen of Clayton County, Morrow, Georgia 30260 and . . . . . currently lives at 906 Oneida Avenue, Davidson County, Nashville, Tennessee 37207." Id. at ¶ 1. The Court concluded that "Plaintiff, a Tennessee citizen, has named as a Defendant, a company that is located in Tennessee that deprives this Court of diversity jurisdiction to entertain her claims," and dismissed without prejudice Plaintiff's underlying claims. (Docket Entry No. 4, Order).

Plaintiff filed a motion to reconsider, alter, amend and or vacate the Court's decision to dismiss Plaintiff's complaint for lack of complete diversity of citizenship (Docket Entry No. 7), asserting that she is a resident of Clayton County, Georgia, residing at 2617 Peggy Sue Lane, Morrow, Georgia 30260, and that she "has not and did not intentionally give up living in Georgia to permanently live in Tennessee," that her "abode remains in Georgia," and that "with a freely chosen abode in Georgia is a Georgia resident for this action." (Docket Entry No. 8, at ¶¶ 64, 68,

72-73). In her affidavit (Docket Entry No. 9), Plaintiff attests that she resides at 2617 Peggy Sue Lane, Morrow, Georgia 30260, "had no interest in moving to Tennessee permanently," is registered to vote in Georgia, has a Georgia driver's license, and that she "wants to go back home to Georgia to live at my home located" in Georgia. Id. at ¶¶ 2-3, 6-7, 10.

The Court denied Plaintiff's motion to alter or amend for a lack of complete diversity of the parties required for diversity jurisdiction as the Defendants included persons whose principal place of business is in Georgia. (Docket Entry No. 12, Order). The Court denied Plaintiff's motion to amend complaint (Docket Entry No. 10) for the these same reasons. (Docket Entry No. 13, Order).

Before the Court is Plaintiff's motion to amend complaint (Docket Entry No. 16), seeking to "remove unnecessary defendants and to add Plaintiff address 1001 West Oak Street South Bend, Indiana 46616." In her memorandum in support, Plaintiff asserts that she "is a resident of Clayton County, Georgia, with Plaintiff Caffey's 'abode' located at 2617 Peggy Sue Lane, Morrow, Georgia 30260." (Docket Entry No. 17 at ¶ 1). Yet, Plaintiff also asserts that she "has moved her belongings and her domicile and permanently resides at 1001 West Oak Street, South Bend, Indiana 46616 with her family." Id. at ¶ 34. Plaintiff did not submit an affidavit. In her filings, Plaintiff also still lists her address as 906 Oneida Avenue, Nashville, Tennessee 37207.

Plaintiff's claims are state law claims that require satisfaction of the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has the burden to allege sufficient facts to invoke the Court's jurisdiction. Gibbs v. Buck, 307 U.S. 66, 72 (1939). For diversity jurisdiction, there must be complete diversity of the parties, that is, none of the parties can be from the same state. Russom v. Kilgore Corp., 692 F. Supp. 796, 798 (W.D. Tenn. 1988); 28 U.S.C. § 1332(a). Diversity jurisdiction is determined at the time of filing the complaint. Napletana v. Hillside College, 385 F.2d

871, 872 (6th Cir. 1967). "Thus, if diversity of citizenship does not exist when the action is originally commenced, it cannot be created later by a change of domicile." Winningham v. North American Res. Corp., 809 F. Supp. 546, 551 (S.D. Ohio 1992).

"State citizenship for purposes of the diversity requirement is equated with domicile." Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir.1990). Domicile, however, is not synonymous with a person's residence. Kaiser v. Loomis, 391 F.2d 1007, 1009 (6th Cir.1968). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). "Thus, domicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile." Eastman v. Univ. of Mich., 30 F.3d 670, 673 (6th Cir. 1994). Further, "a previous domicile is not lost until a new one is acquired." Von Dunser, 915 F.2d at 1072.

"To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." Stifel v. Hopkins, 477 F.2d 1116, 1120 (6th Cir. 1973). Both of these factors are indispensable. Kaiser, 391 F.2d at 1009. "'Mere absence from a fixed home, however long or continued, cannot in and of itself effect a change in domicile.'" Id. (quoting Mitchell v. United States, 88 U.S. 350, 353 (1874)). A plaintiff bears the burden of proving citizenship for diversity purposes, but once it is shown, the burden shifts to the defendant to show that domicile has changed. Kaiser, 391 F.2d at 1010. Courts consider several factors in determining a person's domicile, including:

3

> [c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; memberships in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes.

13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed.1984).

At the time of filing her original complaint, Plaintiff alleged that she was former citizen of Georgia, but currently lived in Nashville, Tennessee. In her affidavit (Docket Entry No. 9) in support of her amended complaint, Plaintiff attests that she resides in Georgia, that she is not interested in moving permanently to Tennessee, that she is registered to vote in Georgia, that she has a Georgia driver's license, and that she intends to return to live at her home in Georgia. Plaintiff does not allege that she is domiciled in Indiana in either her original or first proposed amended complaint. Plaintiff now asserts that she has "moved her belongings" to South Bend, Indiana. Plaintiff asserts claims against Tennessee and Georgia defendants. Thus, based upon this record, Plaintiff has not met her burden of alleging sufficient facts to establish diversity jurisdiction at the time this action originally commenced. Napletana, 385 F.2d at 872; Winningham, 809 F. Supp. at 551.

Accordingly, Plaintiff's motion to amend complaint (Docket Entry No. 16) is **DENIED**. This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the _28th_ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court